T.C. Summary Opinion 2012-59

UNITED STATES TAX COURT

MARY ELLEN MACDONALD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28765-10S.                     Filed June 25, 2012.

Mary Ellen Macdonald, pro se.

<u>Daniel P. Ryan</u>, for respondent.

SUMMARY OPINION

MARVEL, <u>Judge</u>:  The petition in this case was filed pursuant to the

provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code in effect when petitioner filed her petition or incurred her administrative and
litigation costs, as appropriate, and Rule references are to the Tax Court Rules of
Practice and Procedure.

is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This matter is before the Court on petitioner's motion for an award of reasonable litigation and administrative costs filed in accordance with section 7430 and Rule 231.

The parties have not requested a hearing, and the Court has concluded that a hearing is not necessary to decide this motion. See Rule 232(a)(2). Accordingly, we rule on the motion on the basis of the parties' submissions.

## Background

At the time the petition in this case was filed, petitioner resided in Maine.

During 2008, the year at issue, petitioner was married to Lee S. Scarlett. During 2008 petitioner and Mr. Scarlett received retirement distributions from National Automobile Dealers Association (NADA), and Mr. Scarlett received nonemployee compensation from FedEx Ground (FedEx). In March 2009 petitioner and Mr. Scarlett divorced. They timely filed a joint 2008 Federal income tax return, which petitioner had prepared.

At some point before or during 2010 respondent initiated an examination of petitioner and Mr. Scarlett's 2008 return. On or about September 1, 2010,

petitioner retained Robert L. Johnson, a certified public accountant.[2]  On or about September 7, 2010, petitioner mailed respondent a Form 8857, Request for Innocent Spouse Relief, in which she requested relief under section 6015 from joint and several Federal income tax liability for 2008.  On October 2, 2010, petitioner faxed respondent copies of Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc., for the distributions from NADA.  The 2008 Forms 1099-R showed taxable amounts of zero and distribution codes "1" , which was a code for "Early distribution, no known exception."  See 2008 Instructions For Forms 1099-R and 5498, at 11.

On October 4, 2010, respondent mailed petitioner and Mr. Scarlett a notice of deficiency in which respondent determined a Federal income tax deficiency of $12,932 and an accuracy-related penalty under section 6662(a) of $2,564. Respondent determined that petitioner and Mr. Scarlett (1) had additional income of $16,027 from FedEx, (2) had a taxable distribution of $7,000 from NADA, (3) had a taxable distribution of $8,475 from NADA, (4) were liable for a 10% additional tax

---

[2]Petitioner also retained an attorney, Steven R. Gerlach, but she is not seeking reimbursement of expenses for his services.

on premature distributions for the $7,000 and $8,475 distributions from NADA, and (5) were liable for the accuracy-related penalty under section 6662(a).[3]

On November 5, 2010, respondent mailed petitioner a letter acknowledging the receipt of her request for section 6015 relief. Respondent advised petitioner that he had not yet made a determination regarding the request and that if she petitioned the U.S. Tax Court in the meantime, she could raise the section 6015 issue.

On December 27, 2010, petitioner filed a petition with this Court in which she explained that her request for section 6015 relief was pending with the Internal Revenue Service (IRS) and asserted that (1) the Forms 1099-R were incorrectly issued, and (2) business income that respondent calculated did not take into account related expenses.[4] On December 30, 2010, respondent completed a preliminary determination regarding the section 6015 request in which he concluded that petitioner was entitled to partial relief under section 6015(c) as to Mr. Scarlett's

---

[3]Petitioner did not enclose with her petition any attachments to the notice of deficiency, and we describe the adjustments in the notice of deficiency on the basis of the parties' stipulation of settled issues.

[4]It is not clear to what adjustment in the notice of deficiency this statement pertained.

FedEx compensation and that she was not entitled to relief as to the other items.

On February 24, 2011, we filed respondent's answer in which he conceded that the $7,000 distribution from NADA was not taxable but alleged that this distribution nevertheless was subject to the 10% additional tax on premature distributions under section 72(t). Consistent with a prior determination regarding the section 6015 relief, respondent also conceded that petitioner was entitled to allocate the portion of the 2008 Federal income tax liability attributable to the unreported nonemployee compensation of $16,027 from FedEx to Mr. Scarlett under section 6015(c). Respondent, however, continued to take the position that petitioner was not entitled to allocate to Mr. Scarlett the portion of the 2008 Federal income tax liability attributable to unreported retirement income of $8,475 from NADA and the 10% additional tax under section 72(t). After respondent's concessions in the answer, a $4,244 deficiency remained in dispute.

On or about March 10, 2011, petitioner's case was assigned to an Appeals officer for consideration. The Appeals officer proposed a settlement offer, which petitioner accepted with the exception that she intended to file a motion for an award of reasonable litigation and administrative costs. On or about May 17, 2011,

respondent's counsel requested that the Appeals officer return the case to respondent's counsel for review of the proposed settlement.

On June 16, 2011, the parties filed a stipulation of settled issues. In addition to the concessions in the answer, respondent conceded that petitioner was not liable for the 10% additional tax on the $7,000 distribution from NADA or for the accuracy-related penalty under section 6662(a). Petitioner conceded that she was not entitled to relief under section 6015 for the portion of the deficiency attributable to the unreported distribution of $8,475 from NADA and the 10% additional tax on that distribution. After the parties' concessions, petitioner's deficiency for 2008 is $3,017.[5]

Petitioner seeks reimbursement of her (1) administrative costs of $600, which represent Mr. Johnson's fees for working on the case between October 4 and December 6, 2010, i.e., the period from the issuance of the notice of deficiency until the day before preparation of the petition for filing in this Court, and (2) litigation costs of $24,555, which represent Mr. Johnson's fees for working on the case between December 7, 2010, and June 13, 2011, i.e., the period starting with the preparation of the petition and ending with the settlement.

---

[5]The parties stipulated that this amount does not take into account an additional withholding credit of $42.

## Discussion

I.   General Provisions

Under section 7430(a), a judgment for administrative costs incurred in connection with an administrative proceeding may be awarded under section 7430(a) if the taxpayer:  (1) is a prevailing party and (2) did not unreasonably protract the administrative proceeding.  Sec. 7430(a), (b)(3).  Similarly, a judgment for litigation costs incurred in connection with a court proceeding may be awarded if the taxpayer (1) is the prevailing party; (2) has exhausted his or her administrative remedies within the IRS; and (3) did not unreasonably protract the court proceeding.  Sec. 7430(a), (b)(1), (3).  Costs incurred include fees paid or incurred for the services of an individual who is authorized to practice before the Tax Court and the IRS in connection with the proceeding.  See sec. 7430(c)(1), (2), and (3); sec. 301.7430-4(b)(1), Proced. & Admin. Regs.

Generally, a taxpayer is the prevailing party if (1) the taxpayer substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues, (2) the taxpayer meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B),[6] and (3) the Commissioner's position in the court proceeding was

---

[6]Respondent does not dispute that petitioner meets the net worth requirement.

not substantially justified.  Sec. 7430(c)(4)(A) and (B)(i); see also sec. 301.7430-5(a), Proced. & Admin. Regs.  The taxpayer has the burden of proving that she substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues and that she meets the net worth requirements.  See Rule 232(e); see also Corson v. Commissioner, 123 T.C. 202, 206 (2004).  The Commissioner must show that his position was substantially justified.  See sec. 7430(c)(4)(B)(i); Rule 232(e); see also Corson v. Commissioner, 123 T.C. at 206. For purposes of determining whether the taxpayer is entitled to recover administrative costs, the Commissioner is considered to have taken his position as of the earlier of the date the taxpayer receives the notice of decision of the IRS Office of Appeals or the date of the notice of deficiency.  Sec. 7430(c)(7)(B).  The position of the United States in a judicial proceeding is established in the Commissioner's answer to the petition.  See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), aff'g in part, rev'g in part on other grounds, and remanding T.C. Memo. 1991-144; Corson v. Commissioner, 123 T.C. at 206; Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997).

II.     Administrative Costs

The administrative costs at issue are costs that petitioner incurred from the time respondent issued the notice of deficiency up to the date before the preparation of the petition.  We need not address whether petitioner is the prevailing party for the purpose of our ruling regarding the administrative costs because even if she substantially prevailed with respect to the amount in controversy or the most significant issue presented, we find that respondent's position in the administrative proceeding was substantially justified for the following reasons.

As applicable in this case, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of administrative costs is its position as of the date of the notice of deficiency.  Sec. 7430(c)(7)(B)(ii).  Generally, we have held that whenever the resolution of adjustments requires factual determinations, the Commissioner is not obliged to concede those adjustments until he has received, and has had a reasonable period of time to verify, adequate substantiation for the matters in question.  See Nguyen v. Commissioner, T.C. Memo. 2003-313 (and cases cited therein).  Factual determinations were required to decide whether the distributions from NADA were taxable, whether the 10% additional tax applied, and whether petitioner was entitled

to the section 6015 relief.  When respondent issued the notice of deficiency, he had not yet considered petitioner's section 6015 relief request.

In addition, the parties' submissions do not allow us to conclude that respondent had sufficient information to determine the taxability of the distributions. Petitioner provided respondent with the Forms 1099-R on or around October 2, 2010.  Petitioner does not contend that she had clarified the issue of the taxability of the distributions before October 2, 2010.  Accordingly, respondent had not yet processed relevant information that petitioner presented, and therefore his position in the notice of deficiency was substantially justified.  See sec. 301.7430-5(h), Example (1), Proced. & Admin. Regs.  We will deny petitioner's motion with respect to the administrative costs.

## III.    Litigation Costs

We now address petitioner's litigation costs.  We agree with respondent that petitioner did not substantially prevail with respect to the amount in controversy because after the concessions in the answer, $4,244 remained in dispute, and she later conceded that she was liable for a deficiency of $3,017.  See supra p. 6.

Nevertheless, petitioner contends that she substantially prevailed with respect to the most significant issue.  She contends that the most significant issue is the section 72(t) additional tax on the $7,000 distribution because she has been

receiving retirement distributions since 2005 and will continue to receive them.
According to petitioner, a win on this issue will prevent the IRS from further
litigating the applicability of the section 72(t) additional tax on distributions from
NADA and therefore under section 301.7430-5(h), Example (2), Proced. & Admin.
Regs.,[7] she prevailed as to the most significant issue. Respondent asserts that
petitioner's claim for section 6015 relief was the most significant issue.

Generally, an issue or set of issues constitutes the most significant issue
presented if, despite involving a dollar amount less than that relating to the other
issue or issues, it objectively represents the most significant issue for the taxpayer or
the IRS. See sec. 301.7430-5(e), Proced. & Admin. Regs. Not all multiple-issue
proceedings contain a most significant issue or set of issues presented. See id.

After respondent's concessions in the answer, the following adjustments
remained in dispute in this multiple-issue proceeding: (1) an $8,475 distribution

---

[7]In sec. 301.7430-5(h), Example (2), Proced. & Admin. Regs., a taxpayer
obtains a covenant not to compete for a period of five years in the purchase of an
ongoing business. On audit the Commissioner challenges the basis assigned to the
covenant not to compete and also disallows a business expense deduction for a
seminar that the taxpayer attended. Of the two adjustments the business expense
deduction is larger than the adjustment attributable to the covenant not to compete.
However, because of the impact on the next succeeding four years, the covenant not
to compete adjustment is objectively the most significant issue for both the taxpayer
and the IRS.

from NADA, (2) a 10% additional tax on the $7,000 distribution from NADA, (3) a 10% additional tax on the $8,475 distribution from NADA, and (4) the accuracy-related penalty under section 6662(a). We are not convinced that the issue of the 10% additional tax on the $7,000 distribution objectively was most significant or that in fact any particular issue was most significant. Along with the 10% additional tax on the $7,000 distribution, petitioner continued to contest the allocation of tax liability with respect to the $8,475 distribution under section 6015(c) and the 10% additional tax thereon.

We believe section 301.7430-5(h), Example (2), Proced. & Admin. Regs., is distinguishable. Besides the recurring issue of the 10% additional tax on the $7,000 distribution, petitioner had not one but three issues remaining. In addition, petitioner does not state whether the distribution regarding which she did not prevail, namely the $8,475 distribution from NADA and the additional tax thereon, was nonrecurring. Petitioner bears the burden of proving that she substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues. See Rule 232(e); see also Corson v. Commissioner, 123 T.C. at 206. Petitioner did not carry that burden.

Because we conclude that petitioner did not substantially prevail with respect to the most significant issue, we need not address whether respondent's

position was substantially justified.  Accordingly, we will deny petitioner's motion.

We have considered the remaining arguments of both parties for results contrary to those expressed herein, and to the extent not discussed above, we conclude such arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioner's motion, and decision will be entered under Rule 155</u>.